

### NUMBER 13-07-00395-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**PATRICK EARL CONELY,** **Appellant,**

**v.**

**TEXAS BOARD OF CRIMINAL JUSTICE, ET AL.,** **Appellees.**

### On appeal from the 343rd District Court of Bee County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal by an inmate from an order dismissing his suit as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002-.024 (Vernon 2002). Appellant, Patrick Earl Conely, appeals pro se and in forma pauperis from the dismissal of his claims against appellees, the Texas Board of Criminal Justice (TBCJ), Brandy Bramlett, Kelli Ward, Evelyn Castro,

and Kimberly Pundt.[1] Appellant contends that the trial court erred in dismissing his claims, abused its discretion in not allowing him an opportunity to amend his pleadings, and erred in failing to rule on pending motions, including a motion for default judgment.[2] We affirm.

## I. Factual Background[3]

### A. Disciplinary Report and Hearing

Appellant was accused of masturbating in the medical holding cage on January 13, 2006, and disciplinary report # 20060130840 was initiated. That same day, appellant was on the "medical chain" in route to Galveston Hospital in Galveston, Texas. Appellant returned from the hospital on January 18, 2006. Appellant received a copy of the disciplinary report through the mail on January 20, 2006. The record reveals that appellant was taken in front of a disciplinary hearing officer (DHO), Captain Martinez, on January 27 and another DHO, Castro, on January 31, 2006, for hearings regarding the report.[4] Appellant pleaded not guilty and asserted that, at the time of the alleged incident, he was packing and inventorying his property for his transport to the hospital. Appellant also

---

[1]Appellant described the parties to the lawsuit as follows: (1) the Texas Board of Criminal Justice, the board that oversees the Texas Department of Criminal Justice–Institutional Division (TDCJ) disciplinary and grievance program or procedure, (2) Brandy Bramlett, the Assistant Attorney General of Texas who represents or defends the TDCJ-ID agency, employees, or guards, (3) Kelli Ward, the Assistant Region IV Director over Step 2 Grievances for TDCJ, (4) Evelyn Castro, the Disciplinary Hearing Officer (DHO) employed on the McConnell Unit, and (5) Kimberly R. Pundt, the Unit's Grievance Officer who reviews and investigates inmate's grievances at Step 1 level.

[2]Appellant lists seven issues in his "Issues Presented" section, but argues eleven issues in the body of his brief. Appellees have identified three general issues which they believe, and we agree, are dispositive of this appeal.

[3]Because appellees have not contradicted the facts set forth in appellant's statement of facts, we will accept the facts without argument as true. *See Roberts v. Roberts*, 999 S.W.2d 424, 439 (Tex. App.–El Paso 1999, no pet.); *see also* TEX. R. APP. P. 38.1(f) (providing that, in a civil appeal, the court will accept as true facts stated without argument unless another party contradicts them). We will incorporate appellant's relevant facts from his statement of facts, without his argument, into this factual background section.

[4]Captain Martinez is not a party to this lawsuit.

alleged that the disciplinary report was fabricated and written in retaliation for an altercation he had with Officer Wilson, the charging officer, prior to the filing of the report.

At the disciplinary hearing, appellant produced five witnesses. He also presented documentary evidence but was denied its admission. The DHO denied appellant's request to call Officer Stanley as a witness and his request for the video pod tape, which he alleges was exculpatory evidence. Castro found appellant guilty and, as set out in his petition, imposed punishment in the form of "45 days recreation; 45 days commissary; and remain line class three(s)."

## B. Grievance Proceedings

On January 31, 2006, pursuant to the Texas Department of Criminal Justice-Institutional Division grievance process, appellant filed a Step 1 administrative appeal (grievance) challenging Castro's finding of guilt. Appellant's grievance complained of the manner in which the disciplinary investigation and hearing were handled. Pundt was the grievance officer for appellant's Step 1 grievance. On February 24, 2006, appellant received the following response to his Step 1 grievance: "A review of disciplinary case #2006013084 has been completed by this office. No procedural errors were identified. A preponderance of the evidence presented justifies the finding of guilt and punishment imposed. There is no reason found to warrant overturning this case. Signature Authority: Warden N. Jackson."

On March 1, 2006, appellant submitted a Step 2 grievance against Pundt alleging that her "investigative measures into grievant['s] disc. appeal was [sic] pretexual, retaliatory, denied [appellant] an impartial and unprejudice [sic] review of his grievance and thus, failed to comply with TD['s] own rules and regulations." Appellant first noted that he had filed "numerous grievances against Ms. Pundt for violating the establised [sic] griev.

3

proc" and listed eight grievances he had filed in 2005 and 2006, some of which were unprocessed at the time he filed his Step 2 grievance. Appellant then contended that "retaliation and a pretexual investigation may be inferred from the above."[5] Appellant also repeated his complaints that his disciplinary investigation and hearing were handled improperly. On March 22, 2006, Ward responded to appellant's Step 2 grievance as follows:

> Major Disciplinary Case # 20060130840 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this matter. Ajm-D  Signature Authority: Kelli Ward.

## II. Procedural Background

On April 26, 2006, appellant filed a writ of mandamus and petition for judicial review of administrative decision on disciplinary matters in the district court. Appellant presented seven claims for relief in the petition for judicial review. Relying on *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), appellant complained that his due process rights were violated during this disciplinary process because, among other things, exculpatory evidence was withheld, the factfinder was not impartial, and he was denied the right to call witnesses. Each of the seven claims addressed either the disciplinary report, its investigation, or the disciplinary hearing. Although appellant alleged in his petition's statement of facts that retaliation may be inferred because of a successful complaint that he submitted against

---

[5]In his petition, appellant stated that, on March 13, 2006, he submitted a grievance against "Pundt for denying him access to the grievance procedure and for denying him access to review his disciplinary tape in retaliation for his legal activities against her." Appellant also identified a second grievance that he submitted against Pundt on March 22, 2006. In that grievance, he complained of Pundt "trashing" his grievances, violating the grievance and disciplinary policy, and initiating feigned and pretexual investigations. Based on our review of the record, however, these grievances are not before us at this time.

4

Pundt,[6] his only mention of Pundt and the grievance hearings in his petition was one sentence in the seventh claim of his petition.[7] After complaining of the disciplinary process, in that one sentence he asserted that "[o]n administrative appeal . . . Pundt and Ward each had the opportunity to remedy the constitutional violations committed by defendant Castro but failed to do so." Appellant concluded his petition as follows:

> therefore, defendant's finding of guilt was arbitrary and capricious and thus, not based upon the preponderance of credible evidence.

> WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this Court grant his writ of mandamus and Petition for Judicial review of administrative decision on disciplinary matters.

On June 19, 2006, appellant filed a motion for default judgment against TBCJ, Castro and Bramlett, and on June 22, 2006, he filed a motion to appear in person or via video conferencing at his default judgment hearing. Original answers were filed by Bramlett, and Castro on June 22, 2006, and by Ward and Pundt on August 3, 2006. Appellant also filed a motion for the appointment of counsel on January 3, 2007, and a motion for sanctions or order compelling discovery on January 11, 2007.

On February 12, 2007, appellees filed a motion to dismiss appellant's claim pursuant to chapter 14. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). Appellant attended the hearing on the motion to dismiss by telephone conference. At the hearing, appellant conceded his claim was not a proper mandamus action, but he urged the trial court to construe his petition as a federal civil rights claim because it

---

[6]At the time appellant's successful complaint was filed, Pundt was employed as a counsel substitute. Appellant complained that Pundt had denied him access to a tape of an earlier disciplinary hearing. The complaint was found to have merit, and Pundt was compelled to allow appellant to review the tape.

[7]Appellant generally described his seventh claim as follows: "that the defendant's finding of guilt was arbitrary and capricious in regards to the statutory language implemented within TDCJ-ID disciplinary rules and procedures for inmates." The substance of the seventh claim was a reiteration of the allegations of constitutional violations committed by Castro at appellant's disciplinary hearing.

5

allegedly involved an act of retaliation by Pundt against appellant. The trial court granted appellees' motion and dismissed appellant's claims as frivolous.

### III. Applicable Law and Standard of Review

Pursuant to chapter 14 of the civil practice and remedies code, a trial court may dismiss an in forma pauperis inmate claim if the court finds that the claim is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). Section 14.003(b) lists four factors that the court may consider when determining whether an action is frivolous, including whether the claim has no arguable basis in law or in fact. *Id*. § 14.003(b)(2). The proper standard of review for the dismissal of a frivolous claim pursuant to chapter 14 is an abuse of discretion. *Jackson v. Tex. Dep't of Criminal Justice-Inst'l Div.,* 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Id*. To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. *Id.* (citing *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984)). Abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### IV. Analysis

#### A. Dismissal of Claims

##### 1. Mandamus Proceeding

Although appellant brought his claims, in part, as a mandamus proceeding, he acknowledged at the hearing on appellees' motion to dismiss that the trial court did not have authority to issue a writ of mandamus in this type of case. On appeal, appellant

6

brings no contention regarding whether mandamus relief was proper; therefore, that issue is not before us.

## 2. Section 1983 Retaliation Claim

In his first issue, appellant contends that he brought his suit as a section 1983 retaliation claim and that the trial court erred in refusing to construe his pleading as such. At the hearing on appellees' motion to dismiss, appellant asked the trial court to construe his claim as a section 1983 claim because it "deals with retaliation." Apparently complaining about the grievance process, appellant explained to the trial court that he had documentary evidence of retaliation and due process violations under *Wolff*. *See* 418 U.S. at 564. However, as set out above, appellant only mentioned Pundt's alleged retaliation in the statement of facts contained in his petition. Retaliation by Pundt against appellant was not asserted as a claim. No mention of section 1983 was made generally or specifically regarding Pundt's actions. The only time appellant discussed the grievance proceedings in his petition was when he asserted that Pundt had the opportunity to remedy constitutional violations committed during the disciplinary process but did not do so. Without more, we cannot conclude, as appellant contends, that the trial court abused its discretion when it did not construe his lawsuit as a section 1983 retaliation claim.

On appeal, appellant continues to develop his grievance complaint against Pundt. Appellant asserts that Pundt performed a retaliatory investigation of his grievance and failed to follow TDCJ rules and regulations. However, the section 1983 retaliation claim was not part of the lawsuit, as discussed above, and appellant cannot raise this issue and develop his argument for the first time on appeal. *See Anchia v. DaimlerChrysler AG*, 230 S.W.3d 493, 500 (Tex. App.–Dallas 2007, pet. denied) (explaining that because appellants did not present to the trial judge the argument that appellee employed Mercedes-Benz

7

USA, LLC's distribution system as a basis for jurisdiction, they may not raise it for the first time on appeal).

### 3.  Texas Government Code Section 2001.171

Finally, appellant claims that his petition for administrative review under section 2001.171 of the Texas Government Code should have been granted.  *See* TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000) (providing that an aggrieved person who has exhausted all administrative remedies available within a state agency is entitled to judicial review under this chapter).  Appellant, however, has no right to such review.  TBCJ and the TDCJ are specifically exempted from such procedures under the statute.  *See id.* § 2001.226 (Vernon 2000) (providing that this chapter does not apply to a rule or internal procedure of the TDCJ or the TBCJ that applies to an inmate under the custody or control of the department or to an action taken under that rule or procedure); *Harrison v. Tex. Dep't of Criminal Justice, Inst'l Div.* 164 S.W.3d 871, 875-76 (Tex. App.–Corpus Christi 2005, no pet.).

Thus, the trial court could have concluded that there was no arguable basis in law for appellant's lawsuit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.003(b)(2) (Vernon 2002).  Because the trial court followed guiding rules and principles, we conclude that it did not abuse its discretion.  *See Jackson*, 28 S.W.3d at 813.  We overrule the first issue.

### B.  Opportunity to Amend

By a second issue, appellant contends that the trial court should have allowed him an opportunity to amend his petition to include a section 1983 retaliation claim.  At the hearing on appellee's motion to dismiss, appellant asked that the trial court construe his petition as a section 1983 claim.  On appeal, appellant explains that what he really wanted was for the trial court to grant him an amendment pursuant to rule 62.  *See* TEX. R. CIV. P.

62. Appellant suggests that the only thing he would have had to change was the title of the petition "unless the district court deem[ed] otherwise." We disagree.

In this case, appellant's requested amendment would necessarily have resulted in the inclusion of an additional claim to the suit, not a correction of that which had been incorrectly stated by appellant. *See id.* Furthermore, even were we to construe appellant's request as a request to amend his petition, the trial court has no duty to allow an inmate to amend or supplement his petition. *See White v. State*, 37 S.W.3d 562, 565 n.2 (Tex. App.–Beaumont 2001, no pet.). Pursuant to section 14.003(a) of the civil practices and remedies code, a court may dismiss a claim before or after service of process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). We find no provision in chapter 14 that requires that an inmate be given an opportunity to amend his pleadings before dismissal, either upon request or sua sponte by the trial court. *See White*, 37 S.W.3d at 565 n.2 (citing *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no writ)) (concluding same under an earlier inmate litigation statute). This second issue is overruled.

### C. Pending Motions

### 1. Motion for Default Judgment

By a third issue, appellant contends that the trial court committed fundamental error when it failed to enter a default judgment against appellees. We first note that appellant's motion for default judgment filed on June 19, 2006, only requested that default judgment be entered against Castro, Bramlett and TBCJ. It was not requested as against Pundt and Ward. Furthermore, judgment by default may be taken any time after a defendant is required to answer, provided the defendant has not previously filed an answer. *See* TEX. R. CIV. P. 239. In this case, on June 22, 2006, three days after the motion for default

9

judgment was filed, TBCJ, Bramlett and Castro filed their answer, and on August 1, 2006, approximately two weeks after the motion for default judgment was filed, Pundt and Ward filed their answer. All answers were filed before any ruling on the motion was issued. Therefore, default judgment would not have been proper, *see id.*, and the trial court's alleged failure to enter default judgment was not error.

2. Motions Requesting Discovery Sanctions and Appointment of Counsel

Appellant also argues that the trial court committed fundamental error when it failed to rule on his January 3, 2007 motion for appointment of counsel, his January 11, 2007 motion for sanctions or order compelling discovery, and other related motions. In this case, however, even assuming error, because we have concluded that the trial court did not abuse its discretion in dismissing appellant's claim on the grounds that it has no arguable basis in law, any failure to rule on the remaining motions would have been harmless. *See* TEX. R. APP. P. 44.1(a) (setting out standard for reversible error in civil cases); *see also Gaines v. Lollar*, No. 05-03-001405-CV, 2004 Tex. App. LEXIS 6895, at *4 n.4 (Tex. App.–Dallas July 29, 2004, pet. denied) (mem. op., not designated for publication) (concluding that if there were any error in the trial court's failure to rule on a default judgment motion, error would have been harmless because appellant's malpractice claim was not viable as a matter of law). We overrule the third issue.

V. Conclusion

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 17th day of July, 2008.

10