Robert REIFF, Appellant,

v.

Bipin V. ROY and Mina B. Roy, individually and d/b/a PND Investment, Econo Lodge, Econo Lodge Colorado Springs, Appellees.

No. 05–02–01738–CV.

Court of Appeals of Texas, Dallas.

Aug. 13, 2003.

Rehearing Overruled Oct. 13, 2003.

 

 

 
 
 

 

 
 

 

 
 
 

 

 
 
 

 

 
 
 
 
 

 

 
 
 
 

John E. Wall, Jr., Law Office of John E Wall, Jr., Dallas, for Appellant.

Robert D. Allen, Clayton E. Bailey, Baker & McKenzie, Dallas, for Appellee.

Before Justices JAMES, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion by Justice FARRIS (Retired).

Robert Reiff (Reiff) appeals the trial court's order granting the special appearance filed by Bipin V. Roy and Mina Roy, individually and d/b/a PND Investment, Econolodge, and Econo Lodge Colorado Springs (collectively "Roy"). In six points of error, Reiff contends the trial court erred when it sustained Roy's special appearance, vacated the default judgment taken against Roy, denied Reiff's motion

for sanctions, and failed to make findings of fact and conclusions of law. Because the trial court correctly applied the law in granting Roy's special appearance, did not abuse its discretion when denying Reiff's motion for sanctions, and did not prejudice Reiff by failing to make findings of fact and conclusions of law, we affirm the trial court's order.

### Facts

Reiff filed suit in Dallas County district court, contending he suffered injuries at an EconoLodge hotel in Colorado Springs, Colorado. Reiff served the appellees through the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.044(b) (Vernon 1997). The hotel is owned and operated by Bipin and Mina Roy pursuant to a franchise agreement between them and Choice Hotel International (Choice Hotel). Roy was aware of the suit, but did not file an answer, believing the Texas court lacked personal jurisdiction. When Roy did not answer, the trial court granted Reiff a default judgment on July 29, 2002. Roy filed his special appearance on August 27, 2002. The next day, Roy filed a motion for new trial, conditioning the motion on the special appearance. After the parties conducted discovery, the trial court held a hearing on Roy's special appearance and motion for new trial. Subsequently, the trial court sustained Roy's special appearance, vacated the default judgment, and dismissed Reiff's suit.

### Craddock

In his first point of error, Reiff complains the trial court erred in sustaining Roy's special appearance because Roy did not file an answer or special appearance by

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

the answer day and did not claim the failure was an accident or mistake. Reiff contends *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939), applies to this situation. Roy contends it does not apply.

In *Craddock,* the supreme court held a default judgment should be set aside when a defendant establishes the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, the motion for new trial sets up a meritorious defense, and granting the motion will not result in undue delay or otherwise injure the plaintiff. *Id.* at 126; *see Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 685 (Tex.2002). *Craddock* is based on equitable principles and provides a defaulting party relief when no other remedy is available. *See Carpenter,* at 685–86. However, when the rules provide the defaulting party a remedy, *Craddock* does not apply. *Id.* at 686.

In this case, Roy had a remedy. Rule 120(a) of the rules of civil procedure allowed Roy to appear specially to object to the jurisdiction of the court on the ground the defendants were not amenable to process issued by Texas courts. *See* TEX.R. CIV. P. 120(a); *Minucci v. Sogevalor, S.A.,* 14 S.W.3d 790, 794 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Roy filed a special appearance pursuant to rule 120(a) while the trial court still had plenary power over the judgment. *See* TEX.R. CIV. P. 329b(d) (trial court retains jurisdiction for thirty days after judgment signed); *see also Koch Graphics, Inc. v. Avantech, Inc.,* 803 S.W.2d 432, 433 (Tex.App.-Dallas 1991, no writ) (trial court may consider special appearance after default judgment if it still has plenary power over judgment). Reiff does not provide this Court with any authority holding *Craddock* applies to situations where a defaulting defendant timely files a special appearance, and we are unable to find any such authority. We follow *Carpenter* and conclude *Craddock* does not apply to situations in which a defaulting party seeks to overturn a default judgment by timely filing a special appearance. Therefore, *Craddock* did not prevent the trial court in this case from sustaining Roy's special appearance. Accordingly, we overrule Reiff's first point of error.

## Waiver

In his second point of error, Reiff complains the trial court erred in sustaining Roy's special appearance because Roy waived his right to file a special appearance. Reiff contends the waiver occurred when Roy consciously chose not to file a special appearance by the day his answer was due. Roy asserts that a special appearance may be waived only when a motion to transfer venue or any other plea or pleading is considered by the trial court prior to its ruling on the special appearance.

This Court has already concluded that while the trial court has plenary power, it may address a special appearance. *See Myers v. Emery,* 697 S.W.2d 26, 29 (Tex.App.-Dallas 1985, no writ). Therefore, we overrule Reiff's second point of error.

## Personal Jurisdiction

In his third point of error, Reiff complains the trial court erred in sustaining Roy's special appearance because Roy failed to prove there were insufficient minimum contacts between Roy and the State of Texas to support in personam jurisdiction.

Whether a court has personal jurisdiction over a defendant is a question of law we review de novo. *Lang v. Capital Res. Invs., I & II, LLC,* 102 S.W.3d 861,

865 (Tex.App.-Dallas 2003, no pet.). In reviewing a trial court's ruling on a special appearance, we examine all the evidence in the record to determine if the nonresident defendant negated all possible grounds for personal jurisdiction. *Minucci,* 14 S.W.3d at 794. When, as in this case, the trial court does not file findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *Lang,* 102 S.W.3d at 865. We reverse the trial court's ruling only when the court's implied findings and resulting judgment are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong. *Michel v. Rocket Eng'g Corp.,* 45 S.W.3d 658, 668 (Tex.App.-Fort Worth 2001, no pet.).

■■■ A Texas court may exercise personal jurisdiction over a defendant only if the defendant has minimum contacts with the state and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Lang,* 102 S.W.3d at 865 (citing *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002)). To establish minimum contacts, the defendant must have purposefully availed himself of the privilege of conducting activities inside Texas and enjoyed the benefits and protections of Texas laws. *Id.* at 865 (citing *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 806 (Tex.), *cert. denied,* 536 U.S. 923, 122 S.Ct. 2589, 153 L.Ed.2d 778 (2002)). These defendant's activities must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court. *Id.* We look to the quality and nature of the contacts, rather than the quantity, when conducting our minimum contacts analysis. *See id.* at 866.

■■■ A defendant's contacts with a state may give rise to either specific or general jurisdiction. *Id.* In his brief, Reiff argues only that the district court in Dallas County had general jurisdiction over Roy. General jurisdiction arises when a nonresident defendant engages in systematic and continuous contacts with the forum state. *Id.* The events giving rise to the suit need not occur in the forum state. *Id.* However, the defendant's activities in the forum state must be substantial, involving a more demanding minimum contacts analysis than does specific jurisdiction. *Id.*

■■■ Reiff contends Roy's systematic and continuous contacts with Texas are shown by an internet website. Reiff points out that Roy's hotel is accessible to Texans via the interstate highway system and Texans frequently stay there. Reiff also points out that Bipin Roy sent him a letter after his stay inviting him to return for another stay. Finally, Reiff contends that all the appellees live in Colorado and defending themselves in Texas would not be burdensome and unfair because Colorado "is practically a contiguous state" to Texas.

■■■ The bulk of Reiff's argument concerning general jurisdiction revolves around the website. "Internet use is characterized as falling within three categories on a sliding scale for purposes of establishing personal jurisdiction." *Michel,* 45 S.W.3d at 677 (citing *Jones v. Beech Aircraft Corp.,* 995 S.W.2d 767, 772 (Tex.App.-San Antonio 1999, pet. dism'd w.o.j.)). At one end of the scale are websites clearly used for transacting business over the Internet, such as entering into contracts and knowing and repeated transmission of files of information, which may be sufficient to establish minimum contacts with a state. *Id.* On the other end of the spectrum are "passive" websites that are used only for advertising over the Internet and are not sufficient to establish minimum contacts

even though they are accessible to residents of a particular state. *Id.* In the middle are "interactive" websites that allow the "exchange" of information between a potential customer and a host computer. *Id.* Jurisdiction in cases involving interactive websites is determined by the degree of interaction. *Id.* Texas courts have used this test in determining whether an internet site is sufficient to support the exercise of general jurisdiction over a defendant. *See, e.g., Townsend v. Univ. Hosp.-Univ. of Colo.,* 83 S.W.3d 913, 922 (Tex.App.-Texarkana 2002, pet. denied); *Experimental Aircraft Ass'n, Inc. v. Doctor,* 76 S.W.3d 496, 506–07 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *W. Gessmann, GmbH v. Stephens,* 51 S.W.3d 329, 338–39 (Tex.App.-Tyler 2001, no pet.); *Michel,* 45 S.W.3d at 677; *Riviera Operating Corp. v. Dawson,* 29 S.W.3d 905, 911 (Tex.App.-Beaumont 2000, pet. denied); *Daimler–Benz Aktiengesellschaft v. Olson,* 21 S.W.3d 707, 725 (Tex.App.-Austin 2000, pet. dism'd w.o.j.), *cert. denied,* 535 U.S. 1077, 122 S.Ct. 1960, 152 L.Ed.2d 1021 (2002).

Reiff contends Roy advertises and solicits business on the Internet via an interactive website. Reiff points out that Roy pays Choice Hotel for promotional activity with no restrictions on how and where that promotion takes place. This promotion includes the website at issue here, which is operated by Choice Hotel. Reiff asserts the website gives driving directions and a map to Roy's hotel and allows reservations to be made through the website or a toll-free number.

There is no dispute Bipin and Mina Roy are residents of Colorado and that they operate their EconoLodge hotel in Colorado. Likewise, there is no dispute that Roy has not directly engaged in any business activities in Texas; has no employees in Texas; has no office, registered agent, or property in Texas; and is not authorized to do business in Texas. The franchise agreement between Roy and Choice Hotel makes clear that Choice Hotel is responsible for promotional activity and the Choice Hotel website. The record reflects that persons desiring to make reservations at Roy's hotel through the toll free number do not contact anyone at Roy's hotel, but instead contact Choice Hotel, which then passes on the reservation information to Roy. There is no evidence Reiff made a reservation at Roy's hotel through the Choice Hotel website or that the website is directed at Texans.

The record does not make clear how interactive the website is. Accepting as true Reiff's assertions that the website is "interactive," provides directions to Roy's hotel, and permits customers to make reservations, these assertions do not show systematic and continuous contacts between Roy and Texas. *See, e.g., Bell v. Imperial Palace Hotel/Casino, Inc.,* 200 F.Supp.2d 1082, 1091 (E.D.Mo.2001) (hotel's "interactive" website, which allowed for online reservations, insufficient to support general jurisdiction); *Dagesse v. Plant Hotel N.V.,* 113 F.Supp.2d 211, 224 (D.N.H.2000) (no evidence defendant used website to conduct commercial transactions or other activities with residents of forum); *see also W. Gessmann, GmbH,* 51 S.W.3d at 339 (website too passive to provide basis for personal jurisdiction); *Michel,* 45 S.W.3d at 678 (website was "passive" and did not support jurisdiction where operator could not directly respond to internet inquiries through website); *Riviera Operating Corp.,* 29 S.W.3d at 911 (same); *Daimler–Benz,* 21 S.W.3d at 725 (interactive website alone insufficient to subject appellant to jurisdiction of Texas court).

■ Reiff next supports his jurisdictional argument by pointing out that Roy's

hotel is easily accessible to Texans by the interstate highway system and that Roy sent him a letter after his stay inviting him to return. However, the fact that Roy's hotel is located near a major thoroughfare in Colorado and Texans stay at the hotel does not show Roy has purposefully availed himself of the laws and protections of the State of Texas. Neither does the fact that Roy sent Reiff a letter after Reiff's stay establish purposeful availment of the laws and protections of Texas.

After reviewing the entire record, we conclude the trial court did not abuse its discretion when it determined Roy did not have sufficient minimum contacts with the state of Texas to permit the court to exercise jurisdiction over Roy. Therefore, it is not necessary to address Reiff's contention that litigation in Texas would not offend traditional notions of fair play and substantial justice. *Cf. W. Gessmann, GmbH,* 51 S.W.3d at 340 (stating that because there were not sufficient minimum contacts to provide basis for personal jurisdiction, fairness and justice served by holding personal jurisdiction could not attach to defendant under circumstances). We overrule Reiff's third point of error.

### Vacating the Default Judgment

In his fourth point of error, Reiff complains the trial court erred when it vacated the default judgment entered against Roy because Roy's special appearance should have been denied and Roy's motion for new trial was insufficient as a matter of law. Roy contends Reiff has waived this point of error because he has failed to brief the point adequately. We agree with Roy. Reiff does not include any argument to support this point of error. *See Wilmer–Hutchins Indep. Sch. Dist. v. Smiley,* 97 S.W.3d 702, 706 (Tex.App.-Dallas 2003, pet. filed); *McIntyre v. Wilson,* 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001,

pet. denied). Moreover, we have already overruled Reiff's previously presented complaints regarding the trial court's ruling on Roy's special appearance. Accordingly, we overrule Reiff's fourth point of error.

### Motion for Sanctions

In his fifth point of error, Reiff complains the trial court erred when it denied his motion for sanctions. Reiff contends Roy failed to respond to discovery requests that would have produced information demonstrating Roy's contacts with the State of Texas. Roy contends the trial court never ruled on the motion for sanctions and, therefore, "no basis for review exists."

There is no written order in the record denying the motion for sanctions. However, the trial court judge, after granting Roy's special appearance, stated Reiff's motion for sanctions was "although moot, ... denied." That was sufficient. *See* Tex.R.App. P. 33.1. We conclude Reiff has preserved the issue for review.

The decision to impose discovery sanctions is within the trial court's discretion and will not be set aside absent an abuse of discretion. *See Phillips & Akers, P.C. v. Cornwell,* 927 S.W.2d 276, 279 (Tex.App.-Houston [1st Dist.] 1996, no writ). The scope of discovery is also within the trial court's discretion. *See In re Xeller,* 6 S.W.3d 618, 623 (Tex.App.-Houston [14th Dist.] 1999) (discussing trial court's discovery order). Discovery requests must be reasonably tailored to include only matters relevant to the case. *Id.* at 626. An abuse of discretion is shown only when, under the circumstances of the particular case, the trial court's actions were unreasonable or arbitrary. *See Best Indus. Unif. Supply Co. v. Gulf Coast Alloy Welding, Inc.,* 41 S.W.3d 145,

147–48 (Tex. App.-Amarillo 2000, pet. denied).

In this case, Reiff contends Roy intentionally failed to obtain information from Choice Hotel that would have shown how many of the hotel's guests came from Texas. Assuming for the sake of argument that the requested information existed, the trial court could have reasonably concluded the request was irrelevant to the issues presented by Roy's special appearance. The number of hotel guests from Texas does not show, in and of itself, Roy's purposeful availment of the laws and protections of the state of Texas. Rather, it would only show how many Texans availed themselves of the hotel's amenities. Because the evidence sought by Reiff was irrelevant to the special appearance proceedings, the trial court did not abuse its discretion by refusing to sanction Roy for not producing the evidence. *See In re Xeller*, 6 S.W.3d at 626–27. Accordingly, we overrule Reiff's fifth point of error.

### Failure to Make Findings of Fact and Conclusions of Law

In his sixth point of error, Reiff contends the trial court erroneously failed to make findings of fact and conclusions of law. Reiff claims prejudice from the failure to find Roy "consciously indifferent to filing a special appearance or other responsive pleading" or to find minimum contacts.

A trial court's failure to make findings of fact and conclusions of law after a party has made a timely and proper request is not error unless the record before the appellate court affirmatively shows the complaining party has been prejudiced by the failure. *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 622 (Tex.App.-Corpus Christi 2000, pet. denied) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996) (per curiam)).

To determine if a party has suffered injury, we assess whether the complaining party had to guess why the trial court ruled against it. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 652 (Tex.App.-Corpus Christi 2002, no pet.). Put another way, the issue is whether there are disputed facts to be resolved. *Id.*

The issue presented to the trial court in this case was straightforward: whether Roy negated all possible bases for the court to exercise jurisdiction over the defendants. The facts presented to the trial court were, for the most part, undisputed. Roy demonstrated he had virtually no contacts with Texas. Even accepting as true Reiff's factual assertions presented to demonstrate minimum contacts, we have already concluded those assertions were insufficient to overcome Roy's evidence negating personal jurisdiction. The "findings" Reiff complains the trial court failed to make were issues of law considered elsewhere in this opinion. Accordingly, we conclude Reiff was not harmed by the trial court's failure to make findings of fact and conclusions of law. *See, e.g., Hopkins v. NCNB Tex. Nat'l Bank*, 822 S.W.2d 353, 355 (Tex.App.-Fort Worth 1992, no writ) (simple legal issue resolved on relatively undisputed facts). We overrule Reiff's sixth point of error.

### Conclusion

Having overruled Reiff's points of error, we affirm the trial court's order sustaining Roy's special appearance, vacating the default judgment, and dismissing the case.