

NUMBER 13-10-00127-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **RAINBOW MANAGEMENT OF HILLSBOROUGH, INC.** | **Appellant,** |
| **v.** | |
| **MONSERRATO TREVINO,** | **Appellee.** |

## On appeal from the County Court at Law
## No. 1 of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

In this interlocutory, accelerated appeal, appellant, Rainbow Management of

Hillsborough, Inc. ("Rainbow"), a North Carolina corporation, appeals the denial of its

special appearance in the underlying premises liability suit filed in Hidalgo County by appellee, Monserrato Trevino. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Vernon 2008) (providing for appeals from interlocutory orders granting or denying a special appearance); TEX R. APP. P. 28.1 (setting out the requirements for an accelerated appeal). By one issue, Rainbow contends that the trial court erred in denying its special appearance because the trial court did not have personal jurisdiction over Rainbow. We reverse and render judgment granting the special appearance.

## I. BACKGROUND

In his first amended original petition, Trevino alleges that in June 2007, his employer, Velacorp Pharmacists Inc. d/b/a San Juan Pharmacy, made a reservation on his behalf at the Holiday Inn Express, located in Hillsborough, North Carolina, and that during his two week stay, he suffered "a severe allergic reaction in the form of skin lesions as a result of a dangerous condition which persisted" in his room. Trevino asserted negligence and DTPA causes of action based on "insect bites" that he allegedly suffered during his stay. Trevino named the following as co-defendants: (1) his employer; (2) Rainbow Hospitality, LLC d/b/a Holiday Inn Express;[1] and (3) Rainbow Management of Hillsborough, Inc, the appellant in this case. Rainbow Management filed a special appearance challenging the personal jurisdiction of the Hidalgo County Court. In support, Rainbow filed an affidavit of Anjan Desai, Rainbow's President, in which Desai asserted:

---

[1] Rainbow Hospitality, LLC also filed a special appearance which was denied by the trial court and appealed in a separate cause, No. 13-09-00533-CV.

Rainbow Management is not a resident of Texas. In this regard, Rainbow Management is a North Carolina corporation and Rainbow Management's principal place of business is located in the State of North Carolina. Rainbow Management does not have any offices or businesses located in the State of Texas. Rainbow Management does not have any employees or agents who work for Rainbow Management in the State of Texas and Rainbow Management has never had any employees or agents who have worked for Rainbow Management in the State of Texas. Rainbow Management does not have any bank accounts in the State of Texas and Rainbow Management has never had any bank accounts in the State of Texas. Rainbow Management has never sent any advertising letters or advertising fliers to individuals in the State of Texas and Rainbow Management has never sent any other types of advertising materials to individuals in the State of Texas. Rainbow Management does not place orders to companies in the State of Texas for any of the supplies that Rainbow Management uses in its business. Rainbow Management does not ship any types of products to the State of Texas. The incident that [Trevino] is alleging in this lawsuit occurred in the State of North Carolina. Rainbow Management did not contact Mr. Trevino about Mr. Trevino's coming to the State of North Carolina for the stay that forms the basis of Mr. Trevino's allegations. No part of Mr. Trevino's agreement with Rainbow Management to stay at the hotel where the incident [making] the basis of Mr. Trevino's lawsuit occurred was to be performed in the State of Texas.

In an unsworn response to Rainbow's special appearance, Trevino contended that Rainbow "failed to negate each of the jurisdictional allegations" and, further, that Rainbow "failed to negate the issues giving rise to the causes of action that relate specifically to its contacts with Texas via internet activity that resulted in contractual services." Rainbow failed to receive notice of the hearing date for the special appearance, so the special appearance was denied on February 26, 2010 without Rainbow being present. Upon a granted rehearing of Rainbow's special appearance, counsel for Rainbow asserted that Rainbow was "the company that actually manages the hotel in North Carolina." Counsel for Trevino argued at the rehearing that personal

3

jurisdiction was based on the interactive nature of the hotel website but presented no evidence about the website. The trial court did not amend its previous order denying Rainbow's special appearance, and this appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Whether a court has personal jurisdiction over a nonresident defendant is a question of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Exito Elecs. Co. v. Trejo*, 166 S.W.3d 839, 849 (Tex. App.–Corpus Christi 2005, no pet.). If an order on a special appearance is based on undisputed or otherwise established facts, we review the exercise of personal jurisdiction de novo. *Exito*, 166 S.W.3d at 849 (citing *Happy Indus. Corp. v. Am. Specialties, Inc.*, 983 S.W.2d 844, 848 (Tex. App.–Corpus Christi 1998, pet. dism'd w.o.j.)).

"Texas courts may assert personal jurisdiction over a nonresident defendant only if such jurisdiction is authorized by the Texas long-arm statute, and is consistent with federal and state standards of due process." *Exito*, 166 S.W.3d at 850.

> Jurisdiction is proper [under due process standards] if a nonresident defendant has established "minimum contacts" with Texas and maintenance of the suit will not offend "traditional notions of fair play and substantial justice." The purpose of minimum-contacts analysis is to protect the defendant from being haled into court when its relationship with Texas is too attenuated to support jurisdiction. Focus is therefore upon the defendant's activities and expectations. This analysis requires that the defendant "purposefully avail" itself of the privilege of conducting activities in Texas, thus invoking the benefits and protections of Texas laws such that the defendant could reasonably anticipate being called into a Texas court. Jurisdiction will not attach if contacts are random, fortuitous, or attenuated. The quality and nature of the contacts, rather than their number, are the focus of this analysis.

4

*Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1940); *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226, 230 n.11 (Tex. 1991); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).

A nonresident defendant's minimum contacts with Texas may confer either general or specific jurisdiction. *BMC*, 83 S.W.3d at 795. Specific jurisdiction is established where activities of the defendant in the forum are isolated or disjointed, but where the cause of action in issue arises from a particular activity in the forum state. *Id.* at 796. "Even a single act or event, if it creates or gives rise to the plaintiff's cause of action, may constitute sufficient minimum contact to support the exercise of specific jurisdiction." *Exito*, 166 S.W.3d at 850-51. "This requirement for a 'substantial connection' between the plaintiff's cause of action and the defendant's contacts means that those contacts, both with the litigation and the forum, must be meaningful, not 'random, fortuitous, or attenuated.'" *Id.* at 851 (quoting *Ahadi v. Ahadi*, 61 S.W.3d 714, 719 (Tex App.–Corpus Christi 2001, pet. denied)). The substantial connection between the nonresident defendant and the forum state necessary for a finding of minimum contacts must come about by action or conduct of the nonresident defendant purposefully directed toward the forum state. *Guardian Royal*, 815 S.W.2d at 226.

General jurisdiction is established where the defendant's activities in the forum

are continuing and systematic. *BMC*, 83 S.W.3d at 796; *Guardian Royal*, 815 S.W.2d at 228; *Schlobohm*, 784 S.W.2d at 357. "General jurisdiction requires a showing that the defendant conducted substantial activities within the forum, a more demanding minimum contacts analysis than for specific jurisdiction." *BMC*, 83 S.W.3d at 797.

"While a plaintiff bears the initial burden of pleading allegations sufficient to bring a nonresident defendant within the provisions of the long-arm statute, upon the filing of a special appearance the nonresident defendant assumes the burden to negate all bases of personal jurisdiction alleged by the plaintiff." *Exito*, 166 S.W.3d at 851 (citing *Coleman*, 83 S.W.3d at 807; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam)). "Once the defendant has produced credible evidence negating all bases of jurisdiction, the plaintiff bears the ultimate burden to establish that the Texas court has personal jurisdiction over the defendant as a matter of law." *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 n.2 (Tex. App.–Corpus Christi 1999, no pet.).

## III. ANALYSIS

By its only issue, Rainbow contends that the trial court did not have personal jurisdiction over it—neither specific or general—and therefore, the court erred in denying its special appearance. We apply all facts to the law de novo. *See Exito*, 166 S.W.3d at 849. It is undisputed that Rainbow is a non-resident corporation. Therefore, our analysis must determine: (1) what grounds for jurisdiction were alleged by Trevino; (2) if Rainbow sufficiently negated all such alleged grounds; and (3) if Rainbow did negate

all such grounds, whether Trevino met his burden of showing that personal jurisdiction existed as a matter of law.

In his petition, Trevino alleged that: (1) Rainbow had "continuous and systematic" contacts with the State of Texas (general jurisdiction); and (2) Rainbow "engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that [Rainbow] contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas" (specific jurisdiction). Because these grounds for jurisdiction were alleged in the petition, we now turn to the question of whether Rainbow sufficiently negated each ground. *See Exito*, 166 S.W.3d at 851.

First, in response to Trevino's allegation that general jurisdiction existed because Rainbow had "continuous and systematic" contacts with Texas, Desai's affidavit states that Rainbow had none of the contacts with Texas that would normally justify general jurisdiction. Specifically, he affirms that Rainbow did not ship to or order supplies from Texas, did not purposefully advertise in Texas, and did not have offices, employees, or bank accounts in Texas. We conclude this is a sufficient negation of the alleged continuous and systematic contacts necessary to establish general jurisdiction over Rainbow. *See Reiff v. Roy*, 115 S.W.3d 700, 706-07 (Tex. App.–Dallas 2003, pet. denied) (affirming a Colorado hotel's special appearance under nearly identical facts); *BMC*, 83 S.W.3d at 797 (noting that general jurisdiction requires "a more demanding minimum contacts analysis than [that] for specific jurisdiction"). Where the defendant

7

negates by sufficient evidence the alleged ground for personal jurisdiction, the plaintiff ultimately has the burden of establishing jurisdiction. *M.G.M. Grand*, 8 S.W.3d at 408 n.2. In this case, Trevino presented no evidence to the trial court concerning any of the continuous and systematic contacts that Rainbow allegedly had within the State of Texas. Therefore, Trevino failed to meet his burden, and we conclude that the trial court did not have general jurisdiction over Rainbow.

Second, Trevino alleges that personal jurisdiction existed because Rainbow entered into a contract with Trevino in which performance of the contract, in part, was to occur within the State of Texas. At the special appearance rehearing, counsel for Trevino indicated that this partial performance was the payment of the room rental fee over an internet site accessed in Texas. Desai stated in his affidavit that "[t]he incident that [Trevino] is alleging in this lawsuit occurred in the State of North Carolina. Rainbow Management did not contact Mr. Trevino about Mr. Trevino's coming to the State of North Carolina for the stay that forms the basis of Mr. Trevino's allegations." He additionally affied that "[n]o part of Mr. Trevino's agreement with Rainbow Management to stay at the hotel where the incident [making] the basis of Mr. Trevino's lawsuit occurred was to be performed in the State of Texas." These sworn statements were enough to negate Trevino's allegation that partial performance of a contract between Trevino and Rainbow occurred in Texas, and, therefore, the burden rested on Trevino to ultimately prove that: (1) such a contract existed; (2) partial performance was to take place within the State of Texas; and (3) exercising jurisdiction would not violate

8

traditional notions of fair play and substantial justice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 2008). However, again, Trevino provided no affidavits, contracts, internet web pages, or any evidence whatsoever to establish the truth of his allegations. Because the burden had shifted to Trevino, we conclude that he did not establish specific jurisdiction due to in-state performance of a contract as a matter of law. We do not reach the issue of whether the hotel's website actually created minimum contacts within the state of Texas, because Trevino did not offer any evidence about the characteristics of the website on which we could base such holdings.

Based on the foregoing, we sustain Rainbow's issue on appeal. *See Guardian Royal*, 815 S.W.2d at 226; *Reiff*, 115 S.W.3d at 706-07.

## IV. CONCLUSION

We reverse and render judgment granting the special appearance, and we dismiss Trevino's claims against Rainbow for want of personal jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of April, 2011.

9