NUMBER
13-10-00127-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

RAINBOW MANAGEMENT OF

HILLSBOROUGH, INC.                                    Appellant,

 

v.

 

MONSERRATO TREVINO,                                        
          Appellee.

                                                                      

 

On appeal from the County Court at Law

No. 1 of Hidalgo County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

 Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            In this interlocutory, accelerated appeal,
appellant, Rainbow Management of Hillsborough, Inc. (“Rainbow”), a North
Carolina corporation, appeals the denial of its special appearance in the
underlying premises liability suit filed in Hidalgo County by appellee,
Monserrato Trevino.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon 2008) (providing
for appeals from interlocutory orders granting or denying a special
appearance); Tex R. App. P. 28.1 (setting
out the requirements for an accelerated appeal).  By one issue, Rainbow
contends that the trial court erred in denying its special appearance because the
trial court did not have personal jurisdiction over Rainbow.  We reverse and render
judgment granting the special appearance.

I.  Background

            In his first amended original petition, Trevino
alleges that in June 2007, his employer, Velacorp Pharmacists Inc. d/b/a San
Juan Pharmacy, made a reservation on his behalf at the Holiday Inn Express,
located in Hillsborough, North Carolina, and that during his two week stay, he
suffered “a severe allergic reaction in the form of skin lesions as a result of
a dangerous condition which persisted” in his room.  Trevino asserted
negligence and DTPA causes of action based on “insect bites” that he allegedly
suffered during his stay.  Trevino named the following as co-defendants:  (1)
his employer; (2) Rainbow Hospitality, LLC d/b/a Holiday Inn Express;[1]
and (3) Rainbow Management of Hillsborough, Inc, the appellant in this case. 
Rainbow Management filed a special appearance challenging the personal
jurisdiction of the Hidalgo County Court.  In support, Rainbow filed an affidavit
of Anjan Desai, Rainbow’s President, in which Desai asserted:

Rainbow Management
is not a resident of Texas.  In this regard, Rainbow Management is a North
Carolina corporation and Rainbow Management’s principal place of business is
located in the State of North Carolina.  Rainbow Management does not have any
offices or businesses located in the State of Texas.  Rainbow Management does
not have any employees or agents who work for Rainbow Management in the State
of Texas and Rainbow Management has never had any employees or agents who have
worked for Rainbow Management in the State of Texas.  Rainbow Management does
not have any bank accounts in the State of Texas and Rainbow Management has
never had any bank accounts in the State of Texas.  Rainbow Management has
never sent any advertising letters or advertising fliers to individuals in the
State of Texas and Rainbow Management has never sent any other types of
advertising materials to individuals in the State of Texas.  Rainbow Management
does not place orders to companies in the State of Texas for any of the
supplies that Rainbow Management uses in its business.  Rainbow Management does
not ship any types of products to the State of Texas.  The incident that
[Trevino] is alleging in this lawsuit occurred in the State of North Carolina. 
Rainbow Management did not contact Mr. Trevino about Mr. Trevino’s coming to
the State of North Carolina for the stay that forms the basis of Mr. Trevino’s
allegations.  No part of Mr. Trevino’s agreement with Rainbow Management to
stay at the hotel where the incident [making] the basis of Mr. Trevino’s
lawsuit occurred was to be performed in the State of Texas.

 

In an unsworn response to Rainbow’s
special appearance, Trevino contended that Rainbow “failed to negate each of
the jurisdictional allegations” and, further, that Rainbow “failed to negate
the issues giving rise to the causes of action that relate specifically to its
contacts with Texas via internet activity that resulted in contractual
services.”  Rainbow failed to receive notice of the hearing date for the
special appearance, so the special appearance was denied on February 26, 2010
without Rainbow being present.  Upon a granted rehearing of Rainbow’s special
appearance, counsel for Rainbow asserted that Rainbow was “the company that
actually manages the hotel in North Carolina.”  Counsel for Trevino argued at
the rehearing that personal jurisdiction was based on the interactive nature of
the hotel website but presented no evidence about the website.  The trial court
did not amend its previous order denying Rainbow’s special appearance, and this
appeal ensued.  

II.  Standard of Review and Applicable Law

            Whether a court has personal jurisdiction over a
nonresident defendant is a question of law.  BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Exito Elecs. Co. v. Trejo,
166 S.W.3d 839, 849 (Tex. App.–Corpus Christi 2005, no pet.).  If an order on a
special appearance is based on undisputed or otherwise established facts, we
review the exercise of personal jurisdiction de novo.  Exito, 166 S.W.3d
at 849 (citing Happy Indus. Corp. v. Am. Specialties, Inc., 983 S.W.2d
844, 848 (Tex. App.–Corpus Christi 1998, pet. dism'd w.o.j.)).

            “Texas courts may assert personal jurisdiction
over a nonresident defendant only if such jurisdiction is authorized by the
Texas long-arm statute, and is consistent with federal and state standards of
due process.”  Exito, 166 S.W.3d at 850.

            Jurisdiction
is proper [under due process standards] if a nonresident defendant has
established “minimum contacts” with Texas and maintenance of the suit will not
offend “traditional notions of fair play and substantial justice.”  The purpose
of minimum-contacts analysis is to protect the defendant from being haled into
court when its relationship with Texas is too attenuated to support
jurisdiction.  Focus is therefore upon the defendant's activities and
expectations.  This analysis requires that the defendant “purposefully avail”
itself of the privilege of conducting activities in Texas, thus invoking the
benefits and protections of Texas laws such that the defendant could reasonably
anticipate being called into a Texas court.  Jurisdiction will not attach if
contacts are random, fortuitous, or attenuated.  The quality and nature of the
contacts, rather than their number, are the focus of this analysis.

 

Id. (citing Burger King Corp. v. Rudzewicz,
471 U.S. 462, 475 (1985); World-Wide Volkswagen Corp. v. Woodson, 444
U.S. 286, 297 (1980); Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1940);
Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex.
2002); Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,
815 S.W.2d 223, 226, 230 n.11 (Tex. 1991); Schlobohm v. Schapiro, 784
S.W.2d 355, 357 (Tex. 1990)).

            A nonresident defendant's minimum contacts with
Texas may confer either general or specific jurisdiction.  BMC, 83
S.W.3d at 795.  Specific jurisdiction is established where activities of the
defendant in the forum are isolated or disjointed, but where the cause of
action in issue arises from a particular activity in the forum state.  Id.
at 796.  “Even a single act or event, if it creates or gives rise to the
plaintiff's cause of action, may constitute sufficient minimum contact to
support the exercise of specific jurisdiction.”  Exito, 166 S.W.3d at
850-51.  “This requirement for a ‘substantial connection’ between the
plaintiff's cause of action and the defendant's contacts means that those
contacts, both with the litigation and the forum, must be meaningful, not ‘random,
fortuitous, or attenuated.’”  Id. at 851 (quoting Ahadi v. Ahadi,
61 S.W.3d 714, 719 (Tex App.–Corpus Christi 2001, pet. denied)).  The
substantial connection between the nonresident defendant and the forum state
necessary for a finding of minimum contacts must come about by action or
conduct of the nonresident defendant purposefully directed toward the forum
state.  Guardian Royal, 815 S.W.2d at 226.

            General jurisdiction is established where the
defendant's activities in the forum are continuing and systematic.  BMC,
83 S.W.3d at 796; Guardian Royal, 815 S.W.2d at 228; Schlobohm,
784 S.W.2d at 357.  “General jurisdiction requires a showing that the defendant
conducted substantial activities within the forum, a more demanding minimum contacts
analysis than for specific jurisdiction.”  BMC, 83 S.W.3d at 797.

            “While a plaintiff bears the initial burden of
pleading allegations sufficient to bring a nonresident defendant within the
provisions of the long-arm statute, upon the filing of a special appearance the
nonresident defendant assumes the burden to negate all bases of personal
jurisdiction alleged by the plaintiff.”  Exito, 166 S.W.3d at 851
(citing Coleman, 83 S.W.3d at 807; Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 203 (Tex. 1985) (per curiam)).  “Once the defendant has
produced credible evidence negating all bases of jurisdiction, the plaintiff
bears the ultimate burden to establish that the Texas court has personal
jurisdiction over the defendant as a matter of law.”  M.G.M. Grand Hotel,
Inc. v. Castro, 8 S.W.3d 403, 408 n.2 (Tex. App.–Corpus Christi 1999, no
pet.).

III.  Analysis

            By its only issue, Rainbow contends that the
trial court did not have personal jurisdiction over it—neither specific or
general—and therefore, the court erred in denying its special appearance.  We
apply all facts to the law de novo.  See Exito, 166 S.W.3d at 849.   It
is undisputed that Rainbow is a non-resident corporation.  Therefore, our
analysis must determine:  (1) what grounds for jurisdiction were alleged by
Trevino; (2) if Rainbow sufficiently negated all such alleged grounds; and (3)
if Rainbow did negate all such grounds, whether Trevino met his burden of
showing that personal jurisdiction existed as a matter of law.

            In his petition, Trevino alleged that:  (1)
Rainbow had “continuous and systematic” contacts with the State of Texas
(general jurisdiction); and (2) Rainbow “engaged in activities constituting
business in the state of Texas as provided by Section 17.042 of the Texas Civil
Practice and Remedies Code, in that [Rainbow] contracted with a Texas resident
and performance of the agreement in whole or in part thereof was to occur in
Texas” (specific jurisdiction).  Because these grounds for jurisdiction were
alleged in the petition, we now turn to the question of whether Rainbow
sufficiently negated each ground.  See Exito, 166 S.W.3d at 851.

            First, in response to Trevino’s allegation that
general jurisdiction existed because Rainbow had “continuous and systematic”
contacts with Texas, Desai’s affidavit states that Rainbow had none of the
contacts with Texas that would normally justify general jurisdiction. 
Specifically, he affirms that Rainbow did not ship to or order supplies from
Texas, did not purposefully advertise in Texas, and did not have offices,
employees, or bank accounts in Texas.  We conclude this is a sufficient
negation of the alleged continuous and systematic contacts necessary to
establish general jurisdiction over Rainbow.  See Reiff v. Roy, 115
S.W.3d 700, 706-07 (Tex. App.–Dallas 2003, pet. denied) (affirming a Colorado
hotel’s special appearance under nearly identical facts); BMC, 83 S.W.3d
at 797 (noting that general jurisdiction requires “a more demanding minimum
contacts analysis than [that] for specific jurisdiction”).  Where the defendant
negates by sufficient evidence the alleged ground for personal jurisdiction,
the plaintiff ultimately has the burden of establishing jurisdiction.  M.G.M.
Grand, 8 S.W.3d at 408 n.2.  In this case, Trevino presented no evidence to
the trial court concerning any of the continuous and systematic contacts that
Rainbow allegedly had within the State of Texas.  Therefore, Trevino failed to
meet his burden, and we conclude that the trial court did not have general
jurisdiction over Rainbow.

Second, Trevino alleges that
personal jurisdiction existed because Rainbow entered into a contract with
Trevino in which performance of the contract, in part, was to occur within the
State of Texas.  At the special appearance rehearing, counsel for Trevino
indicated that this partial performance was the payment of the room rental fee
over an internet site accessed in Texas.  Desai stated in his affidavit that
“[t]he incident that [Trevino] is alleging in this lawsuit occurred in the
State of North Carolina.  Rainbow Management did not contact Mr. Trevino about
Mr. Trevino’s coming to the State of North Carolina for the stay that forms the
basis of Mr. Trevino’s allegations.”  He additionally affied that “[n]o part of
Mr. Trevino’s agreement with Rainbow Management to stay at the hotel where the
incident [making] the basis of Mr. Trevino’s lawsuit occurred was to be
performed in the State of Texas.”  These sworn statements were enough to negate
Trevino’s allegation that partial performance of a contract between Trevino and
Rainbow occurred in Texas, and, therefore, the burden rested on Trevino to
ultimately prove that:  (1) such a contract existed; (2) partial performance
was to take place within the State of Texas; and (3) exercising jurisdiction
would not violate traditional notions of fair play and substantial justice.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 17.042 (Vernon 2008).  However, again, Trevino provided no affidavits,
contracts, internet web pages, or any evidence whatsoever to establish the truth
of his allegations.  Because the burden had shifted to Trevino, we conclude
that he did not establish specific jurisdiction due to in-state performance of
a contract as a matter of law.  We do not reach the issue of whether the
hotel’s website actually created minimum contacts within the state of Texas, because
Trevino did not offer any evidence about the characteristics of the website on
which we could base such holdings.

Based on the foregoing, we sustain
Rainbow’s issue on appeal.  See Guardian Royal, 815 S.W.2d at 226; Reiff,
115 S.W.3d at 706-07.

IV.  Conclusion

            We reverse and render judgment granting the
special appearance, and we dismiss Trevino’s claims against Rainbow for want of
personal jurisdiction.  

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

28th day of April, 2011. 

 









[1] Rainbow Hospitality, LLC also filed
a special appearance which was denied by the trial court and appealed in a
separate cause, No. 13-09-00533-CV.