NUMBER
13-09-00533-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

RAINBOW HOSPITALITY, LLC,                         Appellant,

 

v.

 

MONSERRATO TREVINO,                                        
          Appellee.

                                                                      

 

On appeal from the County Court at Law

No. 1 of Hidalgo County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

 Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            In this interlocutory, accelerated appeal,
appellant, Rainbow Hospitality, LLC (“Rainbow”), a North Carolina company,
appeals the denial of its special appearance in the underlying premises
liability suit filed in Hidalgo County by appellee, Monserrato Trevino.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(7) (Vernon 2008) (providing for appeals from interlocutory
orders granting or denying a special appearance); Tex R. App. P. 28.1 (setting out the rules for accelerated
appeals).  By one issue, Rainbow contends that the trial court erred in denying
its special appearance because the trial court did not have personal
jurisdiction over Rainbow.  We reverse and render judgment granting the special
appearance.

I.  Background

            In his first amended original petition, Trevino
alleges that in June 2007, his employer, Velacorp Pharmacists, Inc. d/b/a San
Juan Pharmacy, made a reservation at the Holiday Inn Express, located in
Hillsborough, North Carolina, on his behalf and that during his two week stay,
he suffered “a severe allergic reaction in the form of skin lesions as a result
of a dangerous condition which persisted” in his room.  Trevino asserted
negligence and DTPA causes of action based on “insect bites” that he allegedly
suffered during his stay.  Trevino named the following as co-defendants:  (1)
his employer; and (2) Rainbow Hospitality, LLC d/b/a Holiday Inn Express. 
Trevino later amended his original petition to also include Rainbow Management
of Hillsborough, Inc. as a co-defendant.[1]
 Rainbow Hospitality filed a special appearance challenging the personal
jurisdiction of the Hidalgo County Court.  In support, Rainbow filed an affidavit
of Anjan Desai, Rainbow’s President, in which Desai asserted:

Rainbow Hospitality
is not a resident of Texas.  In this regard, Rainbow Hospitality is a North
Carolina Limited Liability Company and Rainbow Hospitality’s principal place of
business is located in the State of North Carolina.  Rainbow Hospitality does
not have any offices or businesses located in the State of Texas.  Rainbow
Hospitality does not have any employees or agents who work for Rainbow
Hospitality in the State of Texas and Rainbow Hospitality has never had any
employees or agents who have worked for Rainbow Hospitality in the State of
Texas.  Rainbow Hospitality does not have any bank accounts in the State of
Texas and Rainbow Hospitality has never had any bank accounts in the State of
Texas.  Rainbow Hospitality has never sent any advertising letters or
advertising fliers to individuals in the State of Texas and Rainbow Hospitality
has never sent any other types of advertising materials to individuals in the
State of Texas.  Rainbow Hospitality does not place orders to companies in the
State of Texas for any of the supplies that Rainbow Hospitality uses in its
business.  Rainbow Hospitality does not ship any types of products to the State
of Texas.  The incident that [Trevino] is alleging in this lawsuit occurred in
the State of North Carolina.  Rainbow Hospitality did not contact Mr. Trevino
about Mr. Trevino’s coming to the State of North Carolina for the stay that
forms the basis of Mr. Trevino’s allegations.

 

The trial court held a hearing on
Rainbow’s special appearance on August 18, 2009.  At the hearing, counsel for
Rainbow asserted that Rainbow was “the owner of the property in North Carolina
that the hotel was sitting on,” but did not own or operate the hotel itself.  Counsel
for Trevino argued at the hearing that personal jurisdiction was based on the
interactive nature of the hotel website, but presented no evidence about the
website.  The trial court denied the special appearance, and this appeal
ensued.

II.  Standard of Review and Applicable Law

            Whether a court has personal jurisdiction over a
nonresident defendant is a question of law.  BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Exito Elecs. Co. v. Trejo,
166 S.W.3d 839, 849 (Tex. App.–Corpus Christi 2005, no pet.).  If an order on a
special appearance is based on undisputed or otherwise established facts, we
review the exercise of personal jurisdiction de novo. Exito, 166 S.W.3d
at 849 (citing Happy Indus. Corp. v. Am. Specialties, Inc., 983 S.W.2d
844, 848 (Tex. App.–Corpus Christi 1998, pet. dism'd w.o.j.)).

            “Texas courts may assert personal jurisdiction
over a nonresident defendant only if such jurisdiction is authorized by the
Texas long-arm statute, and is consistent with federal and state standards of
due process.”  Exito, 166 S.W.3d at 850.

            Jurisdiction
is proper [under due process standards] if a nonresident defendant has
established “minimum contacts” with Texas and maintenance of the suit will not
offend “traditional notions of fair play and substantial justice.”  The purpose
of minimum-contacts analysis is to protect the defendant from being haled into
court when its relationship with Texas is too attenuated to support
jurisdiction.  Focus is therefore upon the defendant's activities and
expectations.  This analysis requires that the defendant “purposefully avail”
itself of the privilege of conducting activities in Texas, thus invoking the
benefits and protections of Texas laws such that the defendant could reasonably
anticipate being called into a Texas court.  Jurisdiction will not attach if
contacts are random, fortuitous, or attenuated.  The quality and nature of the
contacts, rather than their number, are the focus of this analysis.

 

Id. (citing Burger King Corp. v. Rudzewicz,
471 U.S. 462, 475 (1985); World-Wide Volkswagen Corp. v. Woodson, 444
U.S. 286, 297 (1980); Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1940);
Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex.
2002); Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,
815 S.W.2d 223, 226, 230 n.11 (Tex. 1991); Schlobohm v. Schapiro, 784
S.W.2d 355, 357 (Tex. 1990)).

            A nonresident defendant's minimum contacts with
Texas may confer either general or specific jurisdiction.  BMC, 83
S.W.3d at 795.  Specific jurisdiction is established where activities of the
defendant in the forum are isolated or disjointed, but where the cause of
action in issue arises from a particular activity in the forum state.  Id.
at 796.  “Even a single act or event, if it creates or gives rise to the
plaintiff's cause of action, may constitute sufficient minimum contact to
support the exercise of specific jurisdiction.”  Exito, 166 S.W.3d at
850-51.  “This requirement for a ‘substantial connection’ between the plaintiff's
cause of action and the defendant's contacts means that those contacts, both
with the litigation and the forum, must be meaningful, not ‘random, fortuitous,
or attenuated.’”  Id. at 851 (quoting Ahadi v. Ahadi, 61 S.W.3d
714, 719 (Tex App.–Corpus Christi 2001, pet. denied)).  The substantial
connection between the nonresident defendant and the forum state necessary for
a finding of minimum contacts must come about by action or conduct of the
nonresident defendant purposefully directed toward the forum state.  Guardian
Royal, 815 S.W.2d at 226.

            General jurisdiction is established where the
defendant's activities in the forum are continuing and systematic.  BMC,
83 S.W.3d at 796; Guardian Royal, 815 S.W.2d at 228; Schlobohm,
784 S.W.2d at 357.  “General jurisdiction requires a showing that the defendant
conducted substantial activities within the forum, a more demanding minimum
contacts analysis than for specific jurisdiction.”  BMC, 83 S.W.3d at
797.

            “While a plaintiff bears the initial burden of
pleading allegations sufficient to bring a nonresident defendant within the
provisions of the long-arm statute, upon the filing of a special appearance the
nonresident defendant assumes the burden to negate all bases of personal
jurisdiction alleged by the plaintiff.”  Exito, 166 S.W.3d at 851
(citing Coleman, 83 S.W.3d at 807; Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 203 (Tex. 1985) (per curiam)).  “Once the defendant has
produced credible evidence negating all bases of jurisdiction, the plaintiff
bears the ultimate burden to establish that the Texas court has personal
jurisdiction over the defendant as a matter of law.”  M.G.M. Grand Hotel,
Inc. v. Castro, 8 S.W.3d 403, 408 n.2 (Tex. App.–Corpus Christi 1999, no
pet.).

III.  Analysis

            By its only issue, Rainbow contends that the
trial court did not have personal jurisdiction over it—neither specific or
general—and therefore, the court erred in denying its special appearance.  We
apply all facts to the law de novo.  See Exito, 166 S.W.3d at 849.   It
is undisputed that Rainbow is a non-resident company.  Therefore, our analysis
must determine:  (1) what grounds for jurisdiction were alleged by Trevino; (2)
if Rainbow sufficiently negated all such alleged grounds; and (3) if Rainbow
did negate all such grounds, whether Trevino met his burden of showing that
personal jurisdiction existed as a matter of law.

            In his petition, Trevino alleged that:  (1)
Rainbow had “continuous and systematic” contacts with the State of Texas
(general jurisdiction); and (2) Rainbow “engaged in activities constituting
business in the state of Texas as provided by Section 17.042 of the Texas Civil
Practice and Remedies Code, in that [Rainbow] contracted with a Texas resident
and performance of the agreement in whole or in part thereof was to occur in
Texas” (specific jurisdiction).  Because these grounds for jurisdiction were
alleged in the petition, we now turn to the question of whether Rainbow
sufficiently negated each ground.  See id. at 851.

            First, in response to Trevino’s allegation that
general jurisdiction existed because Rainbow had “continuous and systematic”
contacts with Texas, Desai’s affidavit states that Rainbow had none of the
contacts with Texas that normally justify general jurisdiction.  Specifically,
he avers that Rainbow did not ship to or order supplies from Texas, did not
purposefully advertise in Texas, and did not have offices, employees, or bank
accounts in Texas.  We conclude this is a sufficient negation of the alleged
continuous and systematic contacts necessary to establish general jurisdiction
over Rainbow.  See Reiff v. Roy, 115 S.W.3d 700, 706-07 (Tex.
App.–Dallas 2003, pet. denied) (affirming a Colorado hotel’s special appearance
under nearly identical facts); BMC, 83 S.W.3d at 797 (noting that general
jurisdiction requires “a more demanding minimum contacts analysis than [that]
for specific jurisdiction”).  Where the defendant negates by sufficient
evidence the alleged ground for personal jurisdiction, the plaintiff ultimately
has the burden of establishing jurisdiction.  M.G.M. Grand, 8 S.W.3d at
408 n.2.  In this case, Trevino presented no evidence to the trial court
concerning any of the continuous and systematic contacts that Rainbow allegedly
had within the State of Texas.  Therefore, Trevino failed to meet his burden,
and we conclude that the trial court did not have general jurisdiction over
Rainbow.




Second, Trevino alleges that
personal jurisdiction existed because Rainbow entered into a contract with
Trevino in which performance of the contract, in part, was to occur within the
State of Texas.  At the special appearance hearing, counsel for Trevino
indicated that this partial performance was the payment of the room rental fee
over an internet site accessed in Texas.  Desai stated in his affidavit that,
“[t]he incident that [Trevino] is alleging in this lawsuit occurred in the
State of North Carolina.  Rainbow Hospitality did not contact Mr. Trevino about
Mr. Trevino’s coming to the State of North Carolina for the stay that forms the
basis of Mr. Trevino’s allegations.”  This was a sufficient statement to negate
the allegation that partial performance of a contract between Trevino and
Rainbow was to occur in Texas, and therefore the burden rested on Trevino to
ultimately prove that:  (1) such a contract existed; (2) partial performance
was to take place within the State of Texas; and (3) exercising jurisdiction
would not violate traditional notions of fair play and substantial justice.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 17.042 (Vernon 2008).  However, again, Trevino provided no affidavits,
contracts, internet web pages, or any evidence whatsoever to establish the
truth of his allegations.  Because the burden had shifted to Trevino, we conclude
that he did not establish specific jurisdiction due to in-state performance of
a contract through the hotel website as a matter of law.  

Based on the foregoing, we sustain
Rainbow’s issue on appeal.  See Guardian Royal, 815 S.W.2d at 226; Reiff,
115 S.W.3d at 706-07.




IV.  Conclusion

            We reverse and render judgment granting the
special appearance, and we dismiss Trevino’s claims against Rainbow for want of
personal jurisdiction.  

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

28th day of April, 2011. 

 









[1] Rainbow Management of Hillsborough,
Inc. also filed a special appearance which was denied by the trial court and
appealed in a separate cause, No. 13-10-00127-CV.